UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA L. KONIE | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 05-6310 |
| LOUISIANA STATE, ET AL | * | SECTION "L" (3) |

ORDER & REASONS

Before the Court is Defendants Bruce Hooley and Richard Stalder's Motion (Rec. Doc. NO. 113) which seeks to strike exhibits filed by Intervenor Ashton O'Dwyer in support of his Motion to Impose Sanctions, and the Intervenor Ashton O'Dwyer's Motion to Impose Sanctions (Rec. Doc. No. 94) which seeks to impose sanctions against counsel for Defendants Bruce Hooley and Richard Stalder. For the following reasons, the Defendants' Motion to Strike Exhibits is GRANTED and the Intervenor's Motion to Impose Sanctions is DENIED.

I. BACKGROUND

The instant case arises out of events that occurred in the aftermath of Hurricane Katrina while the State of Louisiana's mandatory evacuation order was in effect. Plaintiff Patricia Konie alleges that law enforcement officers illegally entered her home on September 8, 2005, and forcibly removed Plaintiff from her home pursuant to the mandatory evacuation order. Plaintiff further claims that the officers caused her physical and mental injuries, illegally confiscated her handgun, and evacuated her to South Carolina against her will. On November 30, 2005, and subsequent dates, Plaintiff filed suit against various defendants, including Bruce Hooley, Officer

1

of the California Highway Patrol, and Richard Stalder, Superintendent of the Louisiana Department of Public Safety and Corrections, alleging claims of assault, battery, excessive force, false imprisonment, intentional infliction of emotional distress, aggravated kidnaping, conversion of legally owned property, and violations of the Second, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution (Rec. Doc. Nos. 1, 25, 66).  The Intervenor Ashton O'Dwyer represented Plaintiff until October 3, 2006, at which time the Court granted Plaintiff's Motion to Substitute Attorney (Rec. Doc. No. 41).  On September 6, 2007, the Intervenor filed a Motion to Intervene (Rec. Doc. No. 48), requesting a lien against Plaintiff's recovery and reimbursement of reasonable attorney's fees and expenses, which was granted (Rec. Doc. No. 63).  On July 29, 2008, counsel for Defendants Hooley and Stalder, Lance S. Guest, Deputy Attorney General with the Louisiana Department of Justice, filed a Motion to Dismiss on behalf of his clients (Rec. Doc. No. 73).

## II.     PRESENT MOTIONS

### A.     Motion to Strike Exhibits

Defendants Hooley and Stalder filed a Motion (Rec. Doc. No. 113) seeking to strike two exhibits attached to the Intervenor's Motion to Impose Sanctions.  The exhibits at issue are two articles authored by Gordon Hutchinson entitled "The Grab Seen 'Round the World" and "The Great Gun Grab: Gun Confiscations by Law Enforcement During Civil Emergencies" (Rec. Doc. No. 96).  Both articles contain alleged depictions of Plaintiff's encounter with law enforcement officers on September 8, 2005.  The Defendants argue that the articles should be stricken from evidence because they are "inadmissible hearsay, contain improper lay opinion, and lack relevancy" in violation of Federal Rules of Evidence 401, 402, 602, 701, 801, and 802 (Rec.

Doc. No. 113). The Defendants note in support of their argument that Mr. Hutchinson was not present at the events he wrote about and thus, he lacks first-hand knowledge of the events. Further, the Defendants argue that this "propaganda" is irrelevant to the issue of whether sanctions are warranted. The Intervenor did not file an opposition to the Defendants' Motion.

      **B.**      **Motion to Impose Sanctions**

Intervenor Ashton O'Dwyer filed a Motion to Impose Sanctions (Rec. Doc. No. 94) seeking to have sanctions imposed against counsel for Defendants Hooley and Stalder, Lance Guest. The Intervenor alleges that Mr. Guest violated Federal Rule of Civil Procedure 11(b), 28 U.S.C. § 1927, and Rules 3.1 and 3.3 of the Louisiana Rules of Professional Conduct, by making certain arguments in the Motion to Dismiss (Rec. Doc. No. 73), filed on behalf of his clients. Specifically, the Intervenor alleges Mr. Guest made four arguments in the Motion to Dismiss that warrant sanctions. First, the Intervenor argues that Mr. Guest committed "fraud upon the Court" by arguing that his clients are entitled to qualified immunity since all of their actions were objectively reasonable under the circumstances, when he knew that these were "blatantly false assertions" (Rec. Doc. No. 94). Second, the Intervenor argues that the defense of statutory immunity pursuant to LSA-R.S. 29:735 raised in the Motion to Dismiss requires the imposition of sanctions because Mr. Guest knew Plaintiff's allegations specifically excepted the Defendants from this immunity. Third, the Intervenor argues that sanctions should be imposed because the Motion to Dismiss invoked immunity of the Defendants pursuant to the 11th Amendment of the U.S. Constitution and Mr. Guest failed to inform the Court of facts which "constituted a waiver of 11th Amendment immunity by virtue of litigating conduct in the forum by the State of Louisiana since Hurricane KATRINA" (Rec. Doc. No. 94). Fourth, the Intervenor contends that

Mr. Guest is subject to sanctions because he filed a Motion to Strike (Rec. Doc. No. 83) on behalf of his clients which challenged the admissibility of the video or DVD depicting the events of September 8, 2005 inside the Plaintiff's home.

The Defendants filed an Opposition in response to the Intervenor's Motion (Rec. Doc. No 106). First, the Defendants note that the Motion to Strike filed on their behalf was granted by the Court which reasoned "the motion has merit." Accordingly, the Defendants argue there exist no grounds to impose sanctions upon Mr. Guest for filing the Motion to Strike. Second, the Defendants argue that the assertion of 11th Amendment immunity in their Motion to Dismiss is legitimate given that the Court previously granted a Motion to Dismiss filed by Mr. Guest on behalf the State of Louisiana and the State of California on 11th Amendment grounds. Additionally, the Defendants note that the Intervenor embraced this argument in his Response to the previous Motion to Dismiss stating that "the motion on those grounds [is] well-founded" (Rec. Doc. No. 16). Further, the Defendants note that the Intervenor has been sanctioned for his repeated false assertion that the State of Louisiana has waived its sovereign immunity. Third, the Defendants argue that their claims of qualified and statutory immunity are properly alleged considering that the Plaintiff admitted willful violation of the mandatory evacuation, a criminal violation, which provided the Defendants with probable cause to search and seize her. Fourth, the Defendants note that the Intervenor has completely failed to follow Rule 11's adequate notice and twenty-one day "safe harbor" period requirements.

**III.    LAW & ANALYSIS**

    **A.    Motion to Strike Exhibits**

Upon review of the two exhibits at issue in the Defendant's Motion to Strike Exhibits, the Court finds that the exhibits are inadmissible under Federal Rules of Evidence 401, 402, 602, 701, 801, and 802, because the exhibits are irrelevant to the issue of whether sanctions should be imposed, the author Mr. Hutchinson lacked personal knowledge of the events that occurred on September 8, 2005 in the Plaintiff's home, and the articles constitute inadmissible hearsay. Furthermore, the Intervenor failed to file an opposition, so the Motion is deemed unopposed. Accordingly, the Court will not consider the exhibits in the following analysis and conclusion regarding the Intervenor's Motion to Impose Sanctions.

### B.     Motion to Impose Sanctions

Pursuant to Federal Rule of Civil Procedure 11(b), an attorney who presents a written motion to the Court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivilous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Further, under Rule 11(c)(1) "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney... that violated the rule or is responsible for the violation." Rule 11(c)(2) prescribes the procedure for filing a motion for sanctions under Rule 11:

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Title 28, Section 1927 of the United States Code provides that "[a]ny attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

Louisiana Rules of Professional Conduct also prescribe standards for attorneys who file motions. Rule 3.1 states that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." Rule 3.3 provides in relevant part:

> (a) A lawyer shall not knowingly:
> (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
> (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
> (3) offer evidence that the lawyer knows to be false. If a lawyer...has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

Intervenor Ashton O'Dwyer's Motion for Sanctions is denied because the Intervenor fails to sufficiently allege that attorney Lance Guest violated 28 U.S.C. § 1927, Louisiana Rules of Professional Conduct 3.1 and 3.3, or any of the representations required pursuant to Rule 11(b). After a review of all of the pleadings, documents and exhibits in the instant matter, the Court

finds that the Motion to Dismiss filed by Mr. Guest on behalf of Defendants Hooley and Stalder was not presented for an improper purpose and that the factual contentions either have some evidentiary support or are warranted inferences based on the evidence.  Furthermore, the Court finds that the Motion's legal conclusions are warranted by law.  Additionally, even if the Intervenor's Motion had merit, the Intervenor failed to observe the notice and safe-harbor prerequisites to filing a Rule 11 motion for sanctions.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants Hooley and Stalder's Motion to Strike Exhibits is GRANTED and Intervenor Ashton O'Dwyer's Motion to Impose Sanctions is DENIED.

New Orleans, Louisiana, this 30th day of October, 2009.

UNITED STATES DISTRICT JUDGE