# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA L. KONIE | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-6310 |
| | * | REF. ALL CASES |
| | * | |
| THE STATE OF LOUISIANA, ET AL. | * | SECTION "L"(5) |
| | * | |

## ORDER & REASONS

Defendants Richard L. Stalder and Bruce Hooley filed a Motion to Dismiss (Rec. Doc. No. 73). The Court held a hearing on the Motion, granting it in part and denying it in part (Rec. Doc. No. 131). The Court granted the Motion insofar as to Plaintiff's claims against defendants Bruce Hooley and Richard Stalder in their official capacities on res judicata grounds. The Court granted the Motion insofar as to Plaintiff's claim against defendant Stalder in his individual capacity. The Court denied the Motion insofar as to Plaintiff's claim against defendant Hooley in his individual capacity. The Court took under advisement the Plaintiff's claim against defendant Hooley in his individual capacity to determine whether additional discovery was to be conducted.

Plaintiff alleges that the Defendant, Officer Bruce Hooley, arrested her in her home on September 8, 2005 in connection with a mandatory evacuation order in the aftermath of Hurricane Katrina. Plaintiff brought claims against Officer Hooley for the following: assault and battery, including excessive force, false imprisonment, intentional infliction of emotional distress, aggravated kidnaping, conversion of legally owned property, violations of the Second, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and violations of 42 U.S.C. §1983, 42 U.S.C. §1985, and 42 U.S.C. §1986. The Defendant has asserted the

defense of qualified immunity.

Generally speaking, "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This rule embodies the principle that discovery of this nature can impede the workings of government. However, "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). The U.S. Court of Appeals, Fifth Circuit, in *Lion Boulos v. Wilson*, 834 F.2d at 507, held that when a discovery order is avoidable or when the defendant is clearly entitled to qualified immunity, the discovery order is immediately appealable. Conversely, when the qualified immunity claim is dependent on a factual question and when the district court is unable to rule on the claim without additional facts, discovery is not avoidable or over broad. *Id.* at 507-08. This second type of discovery order is not immediately appealable. *Id.*

The court has considered the Plaintiff's claims against Officer Hooley in his individual capacity. Based on the factual allegations in the complaint the court holds that the Plaintiff has failed to state a claim upon which relief can be granted for the following claims: false imprisonment, intentional infliction of emotional distress, aggravated kidnaping, conversion of legally owned property, violations of the Second, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and violations of 42 U.S.C. §1983, 42 U.S.C. §1985, and 42 U.S.C. §1986. Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED with regard to these claims against Officer Hooley in his individual capacity. However, the Court finds, based upon the facts currently before it, that it is unable to render a decision under the Defendant's Motion to Dismiss with regard to Plaintiff's claim for

excessive force against Officer Hooley in his individual capacity, given the mistreatment and severe injuries alleged.

For excessive injury claims, the Fifth Circuit requires the plaintiff to prove " '(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable.' " *Goodson v. Corpus Christi* 202 F.3d 730, 740 (5th Cir. 200) (quoting *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir.1999)). While the plaintiff need not show a serious injury, "we do require a plaintiff asserting an excessive force claim to have 'suffered at least some form of injury.' " *Williams*, 180 F.3d at 703 (quoting *Jackson v. R.E. Culbertson*, 984 F.2d 699, 700 (5th Cir.1993)). For example, in *Harper v. Harris County, Tex.*, the Fifth Circuit found that the defendant police officer was not entitled to qualified immunity based on plaintiff's claim of excessive force. The plaintiff claimed that the defendant police officer "cut off her air by grabbing her by the throat, told her to drop her son, referred to her as a 'bitch,' and threw her to the ground. After transporting her to the jail, Denholm [defendant] struck Harper [plaintiff] on her right knee. Harper [plaintiff] allegedly suffered a badly bruised knee and a sore throat." 21 F.3d 597, 599 (5th Cir. 1994).

In the present matter, the Plaintiff claims that Officer Hooley used excessive force in arresting here, which resulted in injuries to her face, left eye, ribs, left shoulder and arm, and chest, some of which required medical assistance and resulted in permanent injuries. The video of the incident involving Plaintiff and Office Hooley was entered into the record (Rec. Doc. Nos. 136, 132), and provides a portrayal of the events underlying Plaintiff's claims. The Court finds that resolution of Defendant's Motion to Dismiss regarding the excessive force claim is dependent upon factual questions which can only be resolved with further discovery. Accordingly, IT IS ORDERED that discovery may be conducted, but limited only to those

matters relating to Plaintiff's excessive force claim against Officer Hooley in his individual capacity.

New Orleans, Louisiana, this 25th day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE